The United States Court of Appeals for the First Circuit is now in session. All persons having any business before this honorable court may give their attendance and they shall be heard. God save the United States of America and this honorable court. Today's cases will be called as previously announced and the times will be as allotted to counsel. The first case today is United States v. Derek Sheehan, appeal number 21-1983. Attorney Good morning, members of the court. My name is Robert Chekatov and I represent the appellant Derek Sheehan. I'd like to, if permitted, to reserve two minutes for rebuttal. That's fine. Thank you, Robert. I'd like to begin by thanking my opponent, Donald Lockhart, for his extraordinary efforts in helping me get the record corrected and getting a joint appendix filed. This was a unique experience for me and I wanted to thank him publicly. This is, in many ways, it seems to me, a very basic case. My argument is that there was no probable cause in this state warrant, that when you look at the four corners of the affidavit, it just does not amount to probable cause, and that it was so lacking in probable cause that the good faith exception does not apply. So I start with the brunette phrase or description of these photographs that in brunette this circuit found was not sufficient. And that phrase was a prepubescent boy lasciviously displaying his genitals. In my case, the Sheehan matter, there is an extremely similar phrase, images of prepubescent penises that lacked pubic hair. If I can diverge for a second, I have in my mind a paradigm for factual distinctions, and that paradigm stems from an experience I had many decades ago in the late 70s when I had a client doing a change of plea and the prosecutor stood up and described the factual predicate, which was that he had arrived at a store in Brookline, he had a gun, a black gun, he went into the store and confronted the store manager, demanded the money from the register, and told the store manager that if he moved, he would shoot him. And the store manager moved and he shot him. And then he took the proceeds from the cash store and left. And the Superior Court judge asked my client, are those facts accurate? And he said no. And the judge said, in what way are they inaccurate? And he said the gun was not black, it was silver. So there's always an ability to make a factual distinction. I try and, I want to suggest that there is no difference between these two phrases of any significance, any material significance. And so given the analysis in Brunette, since no picture was attached, and since this description is insufficient, I say it's a matter of law. Mr. Sheketoff, the government suggests that we should look at the affidavit in this case as an affidavit that incorporates the earlier affidavit that was issued for the first search warrant, when we analyze this warrant. There is certainly some out-of-circuit precedent that supports that view, and nothing in our circuit that I'm aware of that definitively answers the question either way. What's your view on that? So my view is that the District Court judge did not read it that way. He did not read, not that that binds you in any way. No, we're on de novo review, so my question is whether we can look at that first search warrant affidavit. My position is that that would not be within the four corners of the affidavit. The District Court judge didn't see it as incorporated. He had some other theory, which was that because the search warrants were consecutively numbered, the magistrate that issued the second warrant must have been aware of the first warrant, but I don't think that's a viable legal theory. It's not like they were in an emergency situation. They had these devices in their custody for some period of time. There was no reason they couldn't write the phrase or attach that were incorporating the first affidavit or attach it. But they did refer to the first affidavit at least by number. Well, they referred to the search warrant number. There's no suggestion in referring to the search warrant number that they were incorporating the affidavit. They were explaining the sequence of events and that there was a search warrant, an initial search warrant, and why they had custody of these items. If we look, are we on plain error for this? No. I'm not sure, Your Honor, what you mean by plain error. Was the deficiency of the affidavit that you're making to us now, was that argument made below? Yes, I made this argument. Well, I didn't make it, but predecessor counsel made this argument below that Brunette was the controlling case, that the analysis in Brunette suggested that this affidavit was insufficient, and no one argued below that the first search warrant affidavit was incorporated by reference. The closest anyone got was the district court judge saying that the issuing magistrate must have known about the first warrant. He never came to the conclusion that it was incorporated by reference. The first suggestion that it was incorporated by reference is in the government's brief in this circuit. Let me just figure out, with respect to the good faith question, so I'd understand how you imagine the argument running. The idea is if it's not incorporated in the four corners of the affidavit, there's no way the good faith reliance standard can be triggered, because for purposes of that standard, we just look at what the officer would glean from the four corners of the application itself. Is that right? That's correct, Your Honor. That is my position. The government also, as I understand it, says that if you look at the affidavit as a whole, in light of the other information in it about his conduct, etc., that would provide a support for the implicit understanding that here, the type of pictures that are described, although they on the description itself poses a problem under brunette, considered in context, it does not, and that in good faith reliance, given the good faith standard, they could have understood the affidavit to have included enough to support probable cause. What do you say to that? Do you understand the government making that contention? Yes, I understand that, Your Honor. And they're correct that brunette is a sort of best practice case. You still have to look at the totality of the circumstances. About five minutes remaining. Their first argument is in the totality of the circumstances, just in this second warrant, it's sufficient. But the only thing they can point to is that he was arrested for indecent assault and battery. There's no indication that what the alleged touching was, or even the sex of the alleged minor, or how old the minor was, or how many years ago that occurred. It seems to me they need to, as they do, go to their second concept, which is, well, let's incorporate the first affidavit. Because in the totality of the circumstances, if you just look at the four corners of the second affidavit, they do not have sufficient evidence. One more on that line about the second affidavit. I have in my mind, let's say in a qualified immunity type circumstance, which is a version of a good faith defense, we have case law that suggests you can be reasonably mistaken in your understanding as an officer and still be excused. What would you say to the idea that the reference to the first warrant in this one would be enough to permit an officer reasonably to have understood it, to have been incorporated, even if in fact it was not? That's a difficult question, it seems to me. In Massachusetts, it's absolutely clear, and this was a Massachusetts officer, that nudity by itself is not sufficient. I don't know how this officer, and there's lots of case law and old case law in Massachusetts, making that absolutely clear. Ironically, though, doesn't that point against your position? In other words, the very clarity of that might support the notion that the officer would then have understood the reference to the prior affidavit, which plainly did provide enough information to be the basis for the warrant, otherwise it couldn't have been issued. What do we do with that possibility? It's a possibility, but the government, everything in the law and in life has all kinds of possibilities. But the government has a heavy burden of showing that the good faith exception applies here. And just that it's a possibility. All this affion had to do was say, you know, there is a first warrant, it's incorporated, it's in my mind, it's incorporated here by reference, I could attach it. I believe, and this is for what it's worth, that this affion thought that the description of the images was sufficient. Do we know anything from the record about whether the affion would have seen that first warrant? We can't tell from the affion. There's nothing in the record indicating about that one way or the other. My apologies, whether the affion saw the first warrant? Yeah. She is the author of the first warrant. Yes. Mr. Sheketoff, was it the same Hingham state court judge who issued the first warrant that issued the second warrant? No, and the standard practice in courts like Hingham is that an assistant clerk issues the warrant, and these were two separate assistant clerks. Okay, thank you. I assume my time is up at this point. Yeah. You have one minute left. Okay, so I think between the questioning and my presentation, I've said what I wanted to say. Thank you. Thank you. Thank you, Mr. Sheketoff. At this time, you can mute your camera and your microphone, and Mr. Lockhart, please go ahead and introduce yourself on the record to begin. Good morning, and may it please the court, Donald Lockhart for the government. The easiest way to resolve this case is simply to hold that the facts recited in the second search warrant affidavit standing alone were sufficient to establish a fair probability that child pornography would be found on Sheehan's iPhone, and at the very least, those facts were enough for Leon good faith purposes. I'd like to focus on the two key data points in that second search warrant affidavit, because I believe that my brother has somewhat understated the significance of both of them. The first thing to note about that affidavit is that it recites the fact that a state court judge had found probable cause to believe that Sheehan had committed a sexual assault against a child under the age of 14, and that that judge had issued an arrest warrant for him on that basis. So we have a neutral and detached judge, or clerk, I forget the him, locution for who this is, but who had found probable cause to believe that Sheehan had committed this indecent sexual assault against a child under the age of 14. So Mr. Shekhtov is wrong that there's nothing about the age of the child. We know that the child was under age 14. And second, we get from the affidavit the fact that when Mr. Sheehan was arrested for that very offense during the execution of the first search warrant, the officers recovered his phone, and on that phone they found, quote, pictures that consisted of images of prepubescent penises that lacked pubic hair. As the district court observed, that language is far more graphic and case-specific than the language that was criticized in Brunette, which merely parroted the statutory text. And the key thing here is that this language makes clear that the focal point of the images is the penises, which is the lead factor in the test for what constitutes lewdness and lasciviousness. So we have a defendant who has, there's at least... But Mr. Lockhart, if an affidavit said there is a phone that has, and it just was the description of the pictures of the genitalia, and that was just that description, absent the information about the prior, about the offense, the indecent assault, would you say that would be enough to permit a search? We would say that that would at least be enough for Leon Goodfaith purposes, because remember, fair probability is less than a 50-50 chance. It's not even a preponderance standard. Leon is something... That means anybody that has a phone with those pictures on it can be searched? Warrant could issue and then you could rely on the warrant and search the phone? Well, no, the question for Leon purposes, Your Honor, would be retrospectively, whether it was unreasonable for an officer... The search warrant is issued wrongly for a, to search a phone, which Riley suggests is a big deal. And that search is predicated on nothing more than the statement that we think the phone has pictures of prepubescent male genitalia. That's enough to... Our position would be that it would be enough certainly for Leon purposes. Yeah, but what supports that idea? I think it implicit in what you're saying is that it's clearly not enough to support probable cause. That may be the case, Your Honor, but... It's clearly not enough to support probable cause. How can it be enough to support it under Leon? Well, I guess we disagree that it's clearly not enough. How could it not be clearly insufficient to support probable cause? Just the bare statement that you have a picture of a prepubescent child's penis. Well, Your Honor, I guess the answer is that we have more than that here. Okay, well, that's what I'm just taking in pieces. Right. So then that means the indecent assault is the critical piece? Well, yes, it is a critical piece. And we know from the Chu case that context matters. And this, from our perspective, is hugely important context. The fact that a neutral and detached state judge or magistrate clerk has determined that Sheehan has committed a sexual assault on a child under the age of 14. Do we know the gender of the child that was assaulted from the affidavit? So if you look at page 80 of the sealed joint appendix, you'll see the key facts that I'm talking about from the second search warrant affidavit. And the answer is no, it's described as indecent assault and battery on a child under the age of 14. So we don't know the gender of the child. But when you couple that statement with the images of prepubescent penises that lack pubic hair, I would suggest that we have a little bit of synergy going here. And that you can infer that the child at issue here is a boy. Is there a statement that the pictures are of the child who was assaulted? There is not a statement that the pictures on the phone were of the child who was assaulted. But we think it's a fair inference that either the pictures are essentially documentation of Sheehan's own crimes against children, whether this boy or others, or at the very least, that these are the sort of images that would appeal to the prurient interest of somebody like Sheehan who is sexually attracted to prepubescent boys. Mr. Lockhart, I don't understand how you can read child as boy, which is what is required to make the inferences that you want us to make. You can read child as boy, Your Honor, by looking at the second data point here, which is the images of prepubescent penises. Depends on the inference being made. Yeah. Well, Your Honor, I would submit that whether it's girls or boys, you can take it either way, either gender. It's still a valuable data point in assessing whether the images that we are likely to find on this phone will constitute child pornography. And at the very least, these two data points that I've been talking about give us enough information to say that the information here didn't fall so woefully short of the probable cause or fair probability mark that it was unreasonable for the officer to rely on the warrant. You could skip the probable cause analysis entirely, affirm based on Leon, good faith, as you did in the Beckett case. But to do that, we've got to make a baseline determination about how far from probable cause what's in the materials is, correct? That's certainly true. Mr. Lockhart, the officer presenting the warrant clearly thought the two were related or he would not have included that background information about probable cause with the other information that there was more than one image of a prepudescent boy's penis. I take it there were more than one, and I take it that it wasn't just a shot of nudity. They were images that were focused on the penis. So I think, you know, if you look at it from the officer's point of view, it would be hard to say that there was no good faith on his part. Yes, Your Honor, you're segwaying to a variation on our second argument about the incorporation of the first warrant facts in the second warrant, but with the nuance that we're now looking at it from the standpoint of a reasonable officer. And certainly a reasonable officer would think that these earlier facts had a bearing on the second search warrant. I hadn't understood Leon to suggest that the right inquiry for us is whether the reasonable officer looking at the issue warrant should be assessing whether the applicant for the warrant had good reason to issue it. I thought we were supposed to be looking at whether the four corners of the affidavit support the issuance of it and whether it's reasonable to think that the four corners of it do. Isn't that the right inquiry? So there are two points, Your Honor. Yes, the traditional Leon analysis asks whether the facts recited in the four corners of the search warrant affidavit fell so short that it was the fourth amendment incorporates a more general reasonableness standard. And we know from the Pimentel case decided recently by this court that, for example, reasonableness and good faith extend even to the execution of search warrants. And so it's quite reasonable to say that in assessing the reasonableness of the officer's action. I don't know that that can be right because then that just, that to me sounds like, this doesn't mean that you necessarily lose, but the approach that would suggest that in assessing the reasonableness of the officer's assessment of the warrant that was issued, we should be accounting for the reasonableness of the application for that warrant. That would seem to me to dramatically expand, Leon, because what I thought we were supposed to do was say, were you acting in good faith and thinking that the judge had good reason to issue it? And that question, let me just ask the question and get an answer, that that would seem to be to be to depend on the four corners of the affidavit alone. Uh, since I'm the one who used the phrase focusing on the officer, let me rephrase it. The magistrate judge looking at this information and the packaging of this information could assume in good faith that there was a reasonable connection between the assertion that a state judge had found probable cause and the images on the computer did not mean to get us off track. Well, even on that point, Ms. Lerker, if you could just answer, even for that, doesn't that inquiry itself depend on the four corners of the affidavit? I mean, I just don't see how we can get out of the inquiry being about what the four corners show. Now, maybe four corners provide a basis for the inference being reasonable that you're suggesting, but if they don't, they don't. Yeah, I think your honor, you begin with the facts set forth in the four corners of the affidavit, but remember that those facts in turn are referring multiple times to the docket number. Three minutes remaining. Mr. Lockhart, before your time is gone, I hope you'll tell us about the government's position on incorporation of that first third quarter. Yes, and that's what I'm getting to right now. So, Mr. Sheketoff and I disagree about how to interpret the district court's ruling on this point. It's set forth at page 20 of the red brief in block quotes. We view the judge as having decided that the facts from the first search warrant affidavit were incorporated in the second based on a textual examination of the second search warrant affidavit terms. And principally, the court of Judge Stearns made three points in this regard. First, he noted that the second search warrant affidavit refers to the first one no fewer than four times, specifically by docket number. Second, he noted that the second search warrant affidavit is the next one sequentially on the docket sheet. The first one ends with the there are copious references in the second search warrant affidavit to the fact that we are dealing now with a request to search items that were the product of that first search. So, there is a very tight relationship between these two search warrants. The second one is clearly a follow-on search warrant to the first. And on that basis, we believe that Judge Stearns is correct to think that, putting aside what the officer may have had in his mind at the time, that the first search warrant facts were incorporated into the second. Now, we cite two principal lines of authority for that proposition. The first is simply the Supreme Court's statement that affidavits for search warrants must be tested and interpreted by magistrates and courts in a common sense and realistic fashion. And second, we cite a vein of authority from other circuits, as you've pointed out, that addresses the particular requirement and that says in that context that affidavits don't have to explicitly incorporate the first one or even physically attach the first one to incorporate them by reference. I can see my time is up. Any further questions? No. Thank you. Thank you, Mr. Lockhart. You can go ahead and mute your camera and your microphone at this time. Mr. Shekhatov, please unmute your camera and microphone. You have a two-minute rebuttal. Oh, thank you. So, the focal point of the pictures in this warrant is unclear because the affiant never saw the pictures, at least there's no indication that she saw the pictures, and the person who did see the pictures is not, we don't know anything about him other than he was a state police officer assigned to the forensics unit for computers. And his description of this does not mean that the focal point of the picture was that. The affiant could have said the focal point of this picture was. So, I don't know where that inference comes from. If you address that, the last point that the government makes, which is that there is authority suggesting that to incorporate the prior affidavit, it would not have to be done expressly. We read it in a common sense way. So, I take it you don't disagree. Well, if you don't disagree that a prior warrant can be incorporated implicitly, if not expressly, how would that analysis, given that it would seem you could at least mistakenly understand it to have been impliedly incorporated? So, when I read the affiant's affidavit, it seems to me that what she is doing is explaining where this material came from, not claiming that you should look at this other affidavit for backup information on what I think, why I think this is legitimate. And so, I don't agree that it can be implicitly adopted. But you're not saying that in principle it couldn't be. You're saying here there's just no basis for saying it was. I want to take both positions, Your Honor. I don't think when we have a four corners concept that we can start implicitly adopting things into the four corners that aren't explicitly adopted. And here, even if there was such a concept, in my view, it's not here. She's not implicitly adopting it. Thank you. Thank you. That concludes argument in this case. Counsel for this case is excused.